Kim E. Richman
krichman@reeserichman.com
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, New York 10169
Telephone: (212) 687-8291
Facsimile: (212) 253-4272

*Counsel for Plaintiff*




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ULYSSES DRAYTON,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

Defendants.

---------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ulysses Drayton, by his attorney, Kim E. Richman, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their

authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff Ulysses Drayton (hereinafter "Plaintiff"), was a resident of New York, New York.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are

and were police officers employed by the New York City Police Department (hereinafter, "NYPD") and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.

FACTS

11. On or about May 26, 2010 at approximately 11:50 P.M. in front of 2573 Eighth Avenue, County New York, State of New York, Plaintiff was falsely arrested.

12. Plaintiff is a young African-American male with no criminal record.

13. At the above-mentioned location, Defendant P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 pulled up in front of the residence of Plaintiff as he was seated on his front stoop. One of the Defendant police officers personally identified Plaintiff by name and referenced to a prior complaint of police misconduct he waged against the NYPD before exiting the police vehicle.

14. Defendant P.O. SEPULVEDA along with two (2) other police officers then exited their vehicle and approached Plaintiff on his front stoop as they subjected him to questioning despite the absence of any criminal activity.

15. Plaintiff complied with the officers' instructions and asked what, if any, charges were being brought against him.

16. Defendant P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 thereupon forcibly placed Plaintiff under arrest, injuring his left elbow as Defendants placed him into handcuffs behind his back, causing an effusion to the upper left arm and possible sprain or other soft tissue injury.

17. Although Plaintiff sustained a previous injury to his arm two (2) years prior that also involved police officers of the 32nd Precinct, the excessive force of P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 caused renewed injuries to Plaintiff's left elbow that impaired his joint mobility, motor performance, muscle performance and range of motion.

18. At the 32nd Precinct, the Defendant police officers filled out false police reports and provided false and misleading information which implicated Plaintiff in the commission of an offense.

19. Plaintiff was detained in the cell at the local precinct before he was ultimately issued a summons (# 431138886-0) for Penal Law § 240.20(1) and released into the custody of his father.

20. On July 7, 2010 at the Criminal Court located at 356 Broadway in the County of New York, State of New York, the Honorable Judge dismissed the charge of P.L. § 240.20(1) and adjourned the matter in contemplation of dismissal.

21. As a result of the false claims against the Plaintiff, he was falsely arrested, placed into police custody and sustained physical injury.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

22. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

24. All of the aforementioned acts deprived Plaintiff Ulysses Drayton, of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

28. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

30. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

32. As a result of Defendants' aforementioned conduct, Plaintiff Ulysses Drayton, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

33. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

34. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of members of his community.

## FOURTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

36. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

37. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

38. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body. Plaintiff also sustained injuries to his left elbow, which caused him to be unable to work and required extensive physical therapy.

39. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FIFTH CLAIM FOR RELIEF:**
**ASSAULT**

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

41. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

42. As a consequence thereof Plaintiff Ulysses Drayton has been injured.

**SIXTH CLAIM FOR RELIEF:**
**BATTERY**

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

44. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

45. As a consequence thereof Plaintiff Ulysses Drayton has been injured.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

46. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

47. Defendants P.O. SEPULVEDA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown) arrested Plaintiff Ulysses Drayton despite a complete lack of cause against him, notwithstanding their knowledge that said violations would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

50. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

51. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Ulysses Drayton.

52. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff Ulysses Drayton, as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff Ulysses Drayton, as alleged herein.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Ulysses Drayton.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

56. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

57. All of the foregoing acts by Defendants deprived Plaintiff Ulysses Drayton, of federally protected rights, including, but not limited to, the right:

a. Not to be deprived of liberty without due process of law;

b. To be free from seizure and arrest not based upon probable cause;

c. To be free from unlawful imprisonment;

d. Not to have cruel and unusual punishment imposed upon him; and

e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
March 8, 2011

Respectfully submitted,

Kim E. RICHMAN, ESQ.
*Attorney for Plaintiff*
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
(212) 687-8291